## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

IN RE:

MICHAEL ROSS and
SHERRY C. ROSS,

   DEBTORS

CASE NO.  08-21544

CHAPTER  7
RE: DOC. I.D. NO.  19
RE: DOC. I.D. NO.  23

APPEARANCES:

Paul L. Rubin, Esq.        Counsel for Debtor Michael Ross
135 East Center Street
Manchester, CT 06040

Walter A. Twachtman, Jr., Esq.     Counsel for Trustee
Boscarino Grasso & Twachtman, LLP
628 Hebron Avenue, Building 2, Suite 301
Glastonbury, CT 06033

## BRIEF MEMORANDUM OF DECISION AND ORDER APPROVING TRUSTEE'S NOTICE OF INTENT TO SELL

### I. Introduction

Before the Court are the Notice of Trustee's Intention to Sell at a Private Sale (the

"Notice"), Doc. I.D. No. 19, and the Objection thereto (the "Objection"), Doc. I.D. No. 23,

filed by Michael Ross (the "Debtor"). The Trustee seeks to sell an undeveloped parcel of

real property known as 13-1A Parum Road, Colchester, Connecticut (the "Property") for

$40,000.00. The Debtor objects to the proposed sale on grounds that: (1) the Property is

not property of the estate; and (2) that the proposed sale price is inadequate.

For the reasons set forth hereinafter, the Debtor's Objection is overruled and the

Notice is approved.

## II. The Property is Property of the Estate

The warranty deed to the Property, recorded on the Colchester land records on

December 27, 2006 at Vol. 94, p. 304, indicates the owner is "Michael Ross dba Ross

Siding Co., LLC dba RSC Construction." Ross Siding Co., LLC (the "LLC") was organized

and filed with the Connecticut Secretary of State on December 26, 2006. The Debtor

argues that the LLC was formed with the intention that it would take title to the Property.

He urges the Court to find that the deed is ambiguous and to construe it to confer

ownership on the LLC. To recognize the LLC as the owner of the Property would be

contrary to long-standing case law establishing that where an individual is designated as

"doing business as" a corporation or an LLC, it is the individual, not the corporation or

limited liability company, that is responsible for the liabilities incurred. See, e.g. Edmands

v. CUNO, Inc., 277 Conn. 425, 455 n.17 (2006) (Nothing in "designation of Edmands as

an individual 'doing business as' [a corporation] precludes Edmands' personal liability. Our

research suggests a contrary rule.); Mastroianni v. Fairfield County Paving, LLC, 106

Conn.App. 330, 338-339 (Conn.App. 2008) ("The designation that [the named individuals]

were 'doing business as' a corporation does not preclude personal liability."); Bauer v.

Pounds, 61 Conn.App. 29, 36 (Conn.App. 2000) (" It appears well settled that the use of

a fictitious or assumed business name does not create a separate legal entity and that the

designation d/b/a is merely descriptive of the person or corporation who does business

under some other name.") (citations, internal quotation marks, ellipses and brackets

omitted).

Applying the same rationale to assets, as well as liabilities, the Court finds the titleholder of the Property to be the Debtor in his individual capacity. Accordingly, the Property became part of the Debtor's bankruptcy estate, and is property of that estate. See 11 U.S.C. §541(a).

## III. The Proposed Sale Price is Fair and Reasonable

The parties hold widely disparate views concerning the fair market value of the Property. The Debtor purchased the Property in 2006 for $71,000 and subsequently marketed it through a commercial real estate broker for a year prior to filing his bankruptcy petition. In the petition, the Debtor indicated the value of the Property as $175,000.[1] The marketing effort produced only one serious inquiry - from one of the principals of the present prospective purchaser. Another principal of the same prospective purchaser is a commercial real estate developer who testified that the Property's steep elevation and water issues would require extensive sitework prior to its development. He also testified that the present economy had impacted the market for commercial realty even more severely than for residential realty.

Having considered all of the evidence, particularly the lack of interest in the property throughout the year in which it was being actively marketed, the Court is persuaded that the sale of the Property for $40,000.00, as proposed by the Trustee, is fair, reasonable and in the best interests of the estate.

## IV. ORDER

---

[1]The Debtor, who maintained that the Property was owned by the LLC, did not schedule the property in Schedule A (Real Property), but included the value of $175,000 as part of the value of the LLC in Schedule B (Personal Property).

In accordance with the foregoing discussion,

**IT IS HEREBY ORDERED** that the Debtor's Objection is **OVERRULED** and the

Trustee's Notice of the proposed sale is **APPROVED**.

Dated: January 20, 2010                                    BY THE COURT

Albert S. Dabrowski
Chief United States Bankruptcy Judge

4